**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LEOBARDO BAROCIO DE JESUS,<br><br>    Defendant.<br>_____/ | No. CR 04-00215 JSW<br>(*See* C-06-206)<br><br>**ORDER TO SHOW CAUSE** |

Movant Leobardo Barocio de Jesus is currently serving a sentence imposed by this Court following the entry of a guilty plea to one count of Illegal Reentry Following Deportation pursuant to 8 U.S.C. § 1326. Before the Court is Mr. de Jesus' motion for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Under § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably

incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

Many of the arguments raised in his motion are incomprehensible. However, the crux of Mr. de Jesus' motion appears to assert that his counsel was ineffective by (1) failing to file a notice of appeal, (2) for inadequately advising him with respect to his plea agreement, and (3) for failing to investigate beyond the information provided in the pre-sentence report.

Liberally construed, these claims appears colorable under 28 U.S.C. §2255 and merit an answer from the United States.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The Clerk shall serve by certified mail a copy of this order and the motion and all attachments thereto upon the Office of the United States Attorney. The clerk shall also serve a copy of this order on Movant.

2. The United States shall file with the Court and serve on Movant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not " vacate, set aside or correct the sentence" being served by Movant.

3. If Movant wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the United States within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: January 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2